UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LENARD JACKSON, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| vs. | )    No. 1:09CV50 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion. Respondent has also filed a Motion to Dismiss, [Doc. No. 5]. For the reasons set forth below, the Motion under § 2255 is denied without a hearing.

## Movant's Claims

Movant makes the following claims:

**Ground A**: Movant claims his sentence was unreasonable and was based on prior convictions that, under Amendment 706 of the U.S.S.G. should not have been counted.

**Ground B**: Ineffective assistance of counsel. Counsel failed to raise the issue regarding prior conviction.

**Ground C**: 18 U.S.C. § 3231 is unconstitutional.

**Ground D**: 18 U.S.C. § 841 is unconstitutional.

**Ground E**: Sentence was imposed without the District Court having jurisdiction because *Booker* struck down 18 U.S.C. § 3553(b)(1) which provided jurisdiction.

## Facts and Background

Movant was indicted on one count of possession with intent to distribute five grams or more of cocaine base on October 25, 2007. On January 14, 2008 plead guilty to this count, pursuant to a written plea agreement. Specifically, the Plea Agreement provided:

**Waiver of Post-Conviction Rights:**

**(2)** *Habeas Corpus***:** The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant is fully satisfied with the representation received from counsel Michael A. Skien, with whom he has discussed the Government's case, possible defenses and defense witnesses, and that Mr. Skien has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and the defendant's defense, and in light of this and in the event the Court accepts this plea agreement, the defendant further agrees to waive all rights to contest the conviction or sentence, except for grounds for prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing, in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. §§ 2241, 2255, and Rule 60(b) Fed.R.Civ.P. or by means of any other petition for relief of any description.

Movant appeared in open court on January 14, 2008, at which time he formally entered his plea of guilty to Count I. The Court reviewed the terms of the plea agreement and questioned Movant as to his understanding thereof. The Court

questioned Movant as to counsel's representation. Movant admitted in open court that he was fully satisfied with counsel's representation, that he understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of him, that he was entering into the plea agreement of his own free will and that it was what he wanted to do. At no time did Movant voice any dissatisfaction with defense counsel, nor did he raise any questions with respect to any of the terms of the plea agreement.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and

actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Waiver § 2255 Rights

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007).

Movant entered his guilty plea pursuant to a plea agreement in which he waived his right to bring a 28 U.S.C. § 2255 challenge on any ground other than prosecutorial misconduct or ineffective assistance of counsel at sentencing. The Court will enforce the waiver here. The record reflects that Movant understood and voluntarily accepted the terms of the plea agreement, including the waiver of his

rights under Section 2255; this motion falls within the scope of the waiver; and no injustice would result. *United States v. Mendoza,* 341 F.3d 687, 695 (8th Cir. 2003).

The Court inquired of Movant as to his intent and the Court also ascertained that Movant understood, and could read and write the English language. The explanation of the possible conditions was fully set out in the plea agreement. At no time did Movant question any of the conditions during the Court's questioning. The Court therefore concludes that Movant's waiver was valid and is enforceable. As such, grounds A, C, D, and E. Even absent the waiver, these grounds would not provide a basis upon which Movant could obtain relief.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also

establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See *Smith v. United States*, 876 F.2d 655, 657 (8th Cir.), cert. denied,

493 U.S. 869 (1989). Once a defendant enters a guilty plea, collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Movant's claim that his prior conviction should not have been counted under Amendment 706 to the U.S.S.G. is without merit. Movant received the benefit of Amendment 706 with regard to the base offense level for his offense. Amendment 706 has nothing to do with criminal history. Moreover, as Respondent correctly notes, Movant would have received a criminal history point for the subject offense in either event since he was placed on probation for more than a year. Ground A is denied.

Having clearly established that Movant's sentence was not "unreasonable" for including Movant' prior conviction in his criminal history, counsel was not ineffective for failing to raise a meritless challenge to Movant's sentence. Movant has failed to establish either of the *Strickland* prongs necessary to establish ineffective assistance of counsel. Ground B is denied.

With respect to Grounds C and D, Movant challenges the constitutionality of Sections 3231 and 841 of Title 18, respectively. Movant provides no authority for

either challenge. Both sections are unquestionably constitutional. Congress, under the Constitution of the United States, may lawfully vest jurisdiction over crimes and offenses against the United States in the District Court. Art. I, Section 8.

Congress' authority to regulate the manufacture and distribution of controlled substances withstands constitutional challenge. See *United States v. White*, 399 F.2d 813, 822 (8th Cir. 1968); *United States v. Richardson*, 477 F.2d 1280, 1282 (8th Cir. 1973); *United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998).

Finally, Movant urges that *Booker*[1] divested this Court of jurisdiction. Again, Respondent is correct in its argument that this ground is without merit. The Supreme Court, in *United States v. Booker*, 543 U.S. 220 (2005) held that the United States Sentencing Guidelines are advisory rather than mandatory. Movant does not claim that this Court treated the guidelines as mandatory, and indeed, could not so argue since the Court's sentence was rendered based on the advisory nature of the guidelines.

## **Conclusion**

Movant waived his right to challenge any claims through this motion, with the exception of his ineffective assistance of counsel claim with respect to his sentence. Movant's ineffective claim is groundless, since it is based on failing to object to a

---

[1] The Court assumes Movant is relying on *United States v. Booker*, 543 U.S. 220 (2005).

meritless claim.

Moreover, Movant's claim fail to raise meritorious grounds for relief. Movant's motion will be denied in its entirety.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Grounds A, C, D, and E of Movant's Motion to Vacate, Set Aside or Correct Sentence, [Doc. No. 5], is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 23rd day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE